846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George FABE, Superintendent of Insurance, State of Ohio,
Liquidator of American Druggists' Insurance
Company, Plaintiff-Appellant,
v.
RUSSELL & AXON-ENGINEERS-PLANNERS-ARCHITECTS, INCORPORATED,
Defendant-Appellee.
 No. 87-2104.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1988.
Decided April 12, 1988.
 
 Daniel Tompkins Brailsford, Mason G. Alexander, Jr. (Frank B.B. Knowlton, Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford, P.A. on brief) for appellant.
 Frank Huger Gibbes, III (Rainey, Britton, Gibbes & Clarkson, P.A. on brief) for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and FRANK W. BULLOCK, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 George Fabe, Superintendent of Insurance for the State of Ohio and Liquidator of American Druggists' Insurance Company ("ADI")[1] appeals the district court's order, following a bench trial, granting judgment in favor of Russell & Axon-Engineers-Planners-Architects, Incorporated ("Russell & Axon"). We affirm.
 
 
 2
 This diversity action arose out of a water project undertaken by the City of Seneca, South Carolina. In furtherance of this project, the City retained Russell & Axon to provide engineering services. Athena Pipeline, Inc. ("Athena"), the low bidder on the project, was hired as general contractor. The performance and payment bonds for the project were furnished by ADI.
 
 
 3
 At the time the performance and payment bonds were issued, both bonds contained the following clause:
 
 
 4
 PROVIDED, FURTHER, that the said SURETY for value received hereby stipulates and agrees that no change, extension of time, alteration or addition to the terms of the contract or to the WORK to be performed thereunder or the SPECIFICATIONS accompanying the same shall in any way affect its obligation on this BOND, and it does hereby waive notice of any such change, extension of time, alteration or addition to the terms of this contract or to the WORK or to the SPECIFICATIONS.
 
 
 5
 Athena commenced work on August 5, 1982, and ductile iron pipe and other materials were delivered to the project site on the same date. On or about August 24, 1982, Athena submitted its initial partial payment estimate to Russell & Axon. After certain corrections, the City issued a check to Athena for $215,133.88. Athena subsequently converted the funds to its own use and never paid its material suppliers for the pipe.
 
 
 6
 In early October, 1982, problems developed with the water project, and Athena left the job site. The City declared Athena in default, terminated its general contractor's agreement, and called upon ADI to complete the project under the terms of the payment and performance bonds. Together with ADI and the Farmer's Home Administration, the City entered into an agreement for completion of the project with Harold A. Pickens & Sons, Inc. Pursuant to perfected claims against the payment bond, ADI paid $210,184.97 to the suppliers of the materials for which the City had already paid Athena under partial payment estimate number one.
 
 
 7
 On December 16, 1985, ADI filed this suit against Russell & Axon, alleging that the engineering firm negligently approved and certified Athena's initial payment estimate without first requiring paid invoices for the material claimed.[2] After reviewing all the evidence, the district court entered judgment for Russell & Axon, concluding that the engineering firm was under no duty to require Athena to submit paid invoices. In addition to finding that the parties effectively waived the paid invoice requirement, the court determined that there was no evidence that Russell & Axon could reasonably have foreseen that ADI was relying on the engineer to enforce the paid invoice clause for the benefit of the surety.
 
 
 8
 On appeal, the appellant argues that the district court not only erred in holding that the City had waived the requirement of paid invoices, but that the court mistakenly grounded its ruling upon the concept of reliance instead of foreseeability. We disagree. The district court's findings of fact and conclusions of law thoroughly addressed both of these issues. Our review of the record convinces us that the district court's conclusions were unquestionably correct. Finding no error, we therefore affirm on the opinion of the district court. George Fabe v. Russell & Axon-Engineers-Planners-Architects, Incorporated, C/A No. 6:85-3404-17 (May 15, 1987).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 ADI, the original plaintiff, was placed into liquidation during the pendency of this litigation by order of the county court. Upon motion, George Fabe was substituted as plaintiff
 
 
 [2]
 Paragraph 25.1 of the general conditions to the construction contract between the City and Athena stated, in pertinent part:
 If payment is requested on the basis of materials and equipment not incorporated in the WORK but delivered and suitably stored at or near the site, the partial payment estimate shall also be accompanied by paid invoices and other such supporting data, satisfactory to the OWNER, as will establish the OWNER's title to the material and equipment and protect his interest therein, including applicable insurance.